IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

**FIRSTKEY HOMES LLC,**

   **Plaintiff,**

v.

**JAMILAH WILLIAMSON and all others,**

   **Defendants.**

CIVIL ACTION FILE
No. 1:19-cv-03419-SCJ

## **ORDER**

Defendant Jamilah Williamson ("Defendant"), proceeding *pro se*, removed this action to the Court on July 29, 2019. See Doc. No. [1]. In the petition for removal, Defendant also moves for a preliminary injunction and temporary restraining order against Plaintiff FirstKey Homes LLC ("Plaintiff"). Id. On July 30, 2019, the Honorable Christopher C. Bly, United States Magistrate Judge, granted Defendant's request to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) and submitted this action to the Court for a frivolity review pursuant to 28 U.S.C. § 1915(e)(2)(B). Doc. No. [2]. A hearing

1

was subsequently held before the Court on Friday, August 2, 2019.[1] See Doc. No. [5].

Upon review, the petition for removal makes clear that this is an eviction proceeding, where Plaintiff alleges that Defendant is in possession of a premises in Fulton County, Georgia, for which Defendant has failed to pay $2,600.00 in past-due rent. Doc. No. [1-1], p. 5. Defendant's petition for removal does not identify any federal claim that Plaintiff asserts in the state-court action. Instead, Defendant appears to assert counterclaims and defenses under federal law. Specifically, Defendant appears to argue that the state proceedings violate the U.S. Constitution. Federal defenses and counterclaims, however, are not sufficient to confer jurisdiction on this Court to hear an action removed from a state tribunal. See Blab T.V. of Mobile, Inc. v. Comcast Cable Commc'ns, Inc., 182 F.3d 851, 854 (11th Cir. 1999) (noting that "[t]he presences of a federal defense does not make the case removable"); Fed. Land Bank of Columbia v. Cotton, 410 F. Supp. 169, 170 n.1 (N.D. Ga. 1975) (holding that a "defendant's defense and counterclaim relating to truth-in-lending violations are clearly not sufficient to confer subject-matter jurisdiction upon this court for the entire

---

[1] Counsel for Plaintiff did not appear.

action."). Thus, "[b]ecause landlord-tenant disputes are matters of state law, an action for eviction cannot be the basis for federal question jurisdiction." See Round Valley Indian Housing Auth. v. Hunter, 907 F. Supp. 1343, 1348 (N.D. Cal. 1995).

Defendant has also made no attempt to argue that diversity jurisdiction exists in this case. Diversity jurisdiction exists for all civil actions where the amount in controversy exceeds $75,000 and which are between citizens of different states. See 28 U.S.C. § 1332(a)(1). Further, diversity between parties does not provide a basis for removal to federal court if any of the properly joined defendants is a citizen of the state in which the action is brought. See 28 U.S.C. § 1441(b)(2). Defendant states in the Civil Cover Sheet that she is a resident of Fulton County, Georgia, and does not allege citizenship in any other state. See Doc. No. [1-2]. Because Defendant is a resident of Georgia, she cannot remove the state-court proceeding. Nor can Defendant meet the amount-in-controversy threshold. The underlying state court pleading shows that Plaintiff seeks past-due rent of $2,600.00. See Doc. No. [1-1], p. 5. The amount Plaintiff seeks falls far short of $75,000. Thus, this action may not be removed based on diversity jurisdiction.

Accordingly, Defendant's Motion for Preliminary Injunction and Temporary Restraining Order is **DENIED**. Doc. No. [1]. This case is hereby **REMANDED** to the Magistrate Court of Fulton County, Georgia for lack of subject matter jurisdiction. The Clerk is **DIRECTED** to effectuate the remand of this case to the Magistrate Court of Fulton County, Georgia and to close this case.

**IT IS SO ORDERED** this 2nd day of August, 2019.

s/Steve C. Jones
**HONORABLE STEVE C. JONES**
**UNITED STATES DISTRICT JUDGE**